IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COTEMAR S.A. DE C.V.; | § | |
| EXETER MARINE LIMITED; *and* | § | |
| OCEAN OIL CONSTRUCTION | § | |
| AND SERVICES, S.A.R.L., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-11-4409 |
| | § | |
| HORNBECK OFFSHORE | § | |
| SERVICES, INC.; HORNBECK | § | |
| OFFSHORE SERVICES, LLC; | § | |
| HORNBECK OFFSHORE | § | |
| OPERATORS, LLC; *and the* OSV | § | |
| HOS BEAUFORT, *in rem*, | § | |
| | § | |
| Defendants. | § | |

<u>ORDER</u>

Pending before the Court are the parties' briefing regarding two narrow forum non conveniens issues on remand from the Fifth Circuit, Plaintiffs' Motion to Strike Declaration of Dr. Ignacio Melo (Document No. 168), and Plaintiffs' Opposed Motion to Transfer Venue (Document No. 166). Having considered the remand briefing, motions, submissions, and applicable law, the Court determines the motion to strike should be granted in part and denied in part, the case should be dismissed on the basis of forum non conveniens, and the motion to transfer should be denied as moot.

## I.  BACKGROUND

This case is on remand from the Fifth Circuit.  It is a maritime case involving an allision between the OSV HOS BEAUFORT, which is the defendants' supply vessel (the "Beaufort"), and the SSV IOLAIR, which is the plaintiffs' offshore platform (the "Iolair").  The plaintiffs are Cotemar S.A. de C.V. ("Cotemar");  Exeter Marine Limited ("Exeter");  and Ocean Oil Construction and Services, S.A.R.L. ("Ocean Oil") (collectively, "Plaintiffs").  The defendants are Hornbeck Offshore Services, Inc.; Hornbeck Offshore Services, LLC; Hornbeck Offshore Operators, LLC; and the Beaufort, in rem (collectively, "Defendants").  Further details regarding the allision and parties are provided in this Court's original opinion issued March 29, 2013, whereby the Court conditionally dismissed the case on the basis of forum non conveniens (this Court's "2013 Opinion"),[1] and the Fifth Circuit's opinion issued May 21, 2014, whereby the Fifth Circuit affirmed in part, vacated in part, and remanded on two narrow issues.[2]  Below is the procedural history relevant to the issues on remand.

- June 24, 2011: The Beaufort allided with the Iolair.

---

[1] *Order*, Document No. 140.

[2] *Cotemar S.A. de C.V. v. Hornbeck Offshore Servs., L.L.C.*, 569 F. App'x 187 (5th Cir. 2014).

- October 18, 2011: Defendants[3] instituted a limitation proceeding in Mexico by filing a petition for limitation of liability, listing Cotemar as the only known possible claimant (the "First Limitation Proceeding").[4] Plaintiffs have not appeared in the First Limitation Proceeding.

- December 15, 2011: Plaintiffs filed this lawsuit against Defendants in the Houston Division of the Southern District of Texas, alleging causes of action for negligence, gross negligence, and unseaworthiness. Plaintiffs filed suit against, inter alia, the Beaufort in rem, but the Beaufort has never been seized in the Southern District of Texas.

- April 9, 2012: Defendants[5] instituted a second limitation proceeding in Mexico by filing a petition for limitation of liability, listing Cotemar and Exeter as known possible claimants (the "Second Limitation Proceeding") (the First Limitation Proceeding and the Second

---

[3] Not all Defendants instituted the first limitation of liability proceeding. However, this fact is irrelevant.

[4] On October 24, 2011, the Mexican court admitted the First Limitation Proceeding.

[5] Not all Defendants instituted the second limitation of liability proceeding. However, this fact is irrelevant.

Limitation Proceeding collectively, the "Limitation Proceedings").[6]

Plaintiffs have also not appeared in the Second Limitation Proceeding.

- May 11, 2012:  Defendants filed a motion to dismiss in this case on the basis of forum non conveniens, contending Mexico is a more convenient forum than the United States.

- March 29, 2013: Following significant forum related discovery, this Court granted the motion dismiss on the following condition:

  > This dismissal is conditioned on Defendants['] submission of a stipulation stating that "(1) they will submit to the jurisdiction of the appropriate Mexican court; and (2) they will work with Plaintiffs to arrange for the appearance and testimony of Defendants['] officers, agents, and employees, if needed, in the appropriate Mexican court. This Court may reassert jurisdiction upon timely notification if the courts of Mexico refuse to accept jurisdiction.[7]

- April 9, 2013: After Defendants' stipulated they will assent to the conditions imposed in the Court's conditional dismissal order, this Court entered a final judgment dismissing this case.[8]

---

[6] On April 24, 2012, the same Mexican court that had admitted the First Limitation Proceeding admitted the Second Limitation Proceeding.

[7] *Order*, Document No. 140 at 23.

[8] Like the conditional dismissal order, the final judgment stated the following: If legal proceedings are pursued by Plaintiffs in Mexico, Defendants shall appear and fully submit themselves to the jurisdiction of the appropriate Mexican court, waiving any jurisdictional defenses they might normally possess, and shall work with Plaintiffs to arrange for

- April 26, 2013: Plaintiffs appealed this Court's dismissal to the Fifth Circuit.

- February 13, 2014: Plaintiffs filed an in rem lawsuit against the Beaufort in the Eastern District of Louisiana, and the Beaufort was subsequently seized in New Orleans, Louisiana.

- May 21, 2014: The Fifth Circuit issued its opinion in this case.

- July 22, 2014: Due date set by this Court for initial briefing regarding the issues on remand. In addition to such briefing, Plaintiffs filed a motion to transfer this case to the Eastern District of Louisiana.

- August 4, 2014: Plaintiffs filed a motion to strike evidence attached to Defendants' briefing on remand.

## II. LAW & ANALYSIS

*A.  Motion to Strike*

As an initial matter, the Court addresses Plaintiffs' motion to strike the declaration of Dr. Ignacio Melo, Defendants' expert on Mexican law. Having considered the declaration, motion, submissions, and applicable law, the Court grants in part and denies in part the motion to strike. Specifically, the Court strikes

---

the appearance and testimony of Defendants' officers, agents, and employees, if needed, in the appropriate Mexican court . . . . This Court may reassert jurisdiction upon timely notification if the courts of Mexico refuse to accept jurisdiction.
*Final Judgment*, Document No. 142 at 2.

only paragraphs 16, 52, and 56, and the first sentence of paragraph 44 because they
are conclusions of law within the purview of the Court to decide.  As a result, the
portions of Defendants' briefing that rely on this stricken evidence will not be
considered in the Court's determination of the issues on remand.  The Court denies
Plaintiffs' motion to strike in all other respects.

B.    *Issues on Remand*

The Fifth Circuit remanded this case "on two narrow grounds."  *Cotemar
S.A. de C.V. v. Hornbeck Offshore Servs., L.L.C.*, 569 F. App'x 187, 188 (5th Cir.
2014).

First, this Court must "make findings regarding the availability of the
Mexican courts with respect to the untimeliness issue [and] . . . then revise its
return jurisdiction clause in accordance with [the Fifth Circuit's] decision in *Veba-
Chemie*, 711 F.2d at 1248 n.10."  *Cotemar*, 569 F. App'x at 191.[9]  Quoting *Veba-
Chemie*, the Fifth Circuit instructed this Court as follows:

> If access to relief in the Mexican courts has become time-barred for
> reasons not of [Plaintiffs'] "own making," then the Mexican courts are
> no longer an available forum.  If such is the case, then [Plaintiffs']
> lawsuit must proceed in the United States.  On the other hand, if
> [Plaintiffs'] may still pursue relief in the Mexican courts, or if any

---

[9] Regarding the return jurisdiction clause, the Fifth Circuit stated that "it is unclear
whether this [Court's] instruction" to Defendants to "'waiv[e] any jurisdictional defenses
they might normally possess'" accords with *Veba-Chemie* because "there is no indication
of whether this instruction would also require [Defendants] to waive any legitimate
defenses relating to untimeliness that [Defendants] may have acquired based on
[Plaintiffs'] lack of diligence under *Veba-Chemie*."  *Cotemar*, 569 F. App'x at 191.

time bar now in effect has resulted from [Plaintiffs'] "deliberate choice," then the district court may "disregard this consideration and dismiss."

*Cotemar*, 569 F. App'x at 191–92 (quoting *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1248 n.10 (5th Cir. 1983)).  Also, the Fifth Circuit instructed this Court to "consider [Plaintiffs'] argument regarding the reasonableness of bringing their claims first in the United States, rather than simultaneously submitting to jurisdiction in Mexico initially by entering an appearance in the limitation proceedings." *Cotemar*, 569 F. App'x at 191.

Second, this Court must "consider whether any part of the *forum non conveniens* analysis in this case is altered by the recent seizure of [Defendants'] vessel in the Eastern District of Louisiana" and "whether simultaneously pursuing an *in rem* action against [Defendants'] vessel in the Eastern District of Louisiana would render litigation in Mexico less convenient based on one or more of the private interest and public interest factors." *Cotemar*, 569 F. App'x at 188, 193.[10]

---

[10] Although on remand (for the first time) Plaintiffs filed a motion to transfer this case to the Eastern District of Louisiana, the Court must first address the narrow issue that the Fifth Circuit has directed it to address on remand: whether any part of the Court's previous analysis of the **forum non conveniens** factors in **this case** **are** **altered** by the seizure and in rem action in Louisiana.  If the Court decides this case should no longer be dismissed pursuant to the Fifth Circuit's directive on remand, then and only then would Plaintiff's motion to transfer be ripe for the Court's consideration.

Similarly, in much of Plaintiffs' remand briefing, they argued this Case should be transferred to the Eastern District of Louisiana.  However, the issue **on remand** is not whether to transfer this case to the Eastern District of Louisiana.  Indeed, the standards for determining whether to dismiss based on forum non conveniens and whether to transfer venue differ.  *Veba-Chemie*, 711 F.2d at 1246–47.

The Court will address each of the narrow forum non conveniens issues in turn.

1.   *Availability of the Mexican Courts with Respect to the Untimeliness Issue*

The Fifth Circuit's directive to make findings regarding the "untimeliness issue" seems to include only the issue of the elapse of the court ordered deadlines for Plaintiffs to appear in the Limitation Proceedings, not the issue of the elapse of the statutory deadline for Plaintiffs to file a liability case in Mexico.   However, because the parties agree the statutory deadline has now elapsed, and because both parties briefed the issue, the Court will address whether the elapse of the statutory deadline renders the Mexican courts unavailable.   The Court will address the court ordered deadlines first and the statutory deadline second.

a.   *Elapse of the Court Ordered Deadlines for Plaintiffs to Appear in the Limitation Proceedings*

i.   *Cotemar*

Both parties agree the court ordered deadlines for Cotemar to appear in the Limitation Proceedings have elapsed.[11]   The parties disagree, though, as to whether

---

[11] *Hornbeck's Memorandum on Issues on Remand and in Support of the Court's Order of Dismissal*, Document No. 165 at 35 ("Cotemar had until January 2, 2012 to appear in the first limitation action . . . . Cotemar had until July 9, 2012 to appear in the second limitation action."); *Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167 at 15 ("Cotemar is now time barred from appearing as a claimant in the Mexican limitation proceedings."); *Plaintiffs' Briefing Answering Questions Posed by the Court*, Document No. 184 at 4 ("Cotemar is time barred from

elapse of the court ordered deadlines necessarily bars Cotemar's ability to appear in the Limitation Proceedings. Cotemar contends elapse of the court ordered deadlines bars its ability to appear in the Limitation Proceedings because the court

---

appearing in the Mexican limitation proceeding."); *Plaintiffs' Response to Hornbeck's Briefing Relating to Questions Posed by the Court*, Document No. 187 at 1, 3 ("Critically, the deadline for Cotemar to appear in the Limitation Proceeding expired . . . .").

In its last brief on remand in a series of remand briefing, Plaintiffs claim for the first time that Cotemar was never properly served with process in the Limitation Proceedings. However, this claim conflicts with the affidavit of Plaintiffs' own expert on Mexican law, wherein he states, "Cotemar was served with the initial Limitation of Liability proceedings on November 2011." *Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167, Exhibit 10, ¶ 2.2 (*Affidavit of Jose-David Enriqeuz-Rosas*). Likewise, the declaration of Defendants' expert on Mexican law states Cotemar was served with the First Limitation Proceeding in November 2011 and with the Second Limitation Proceeding in May 2012. *Hornbeck's Memorandum on Issues on Remand and in Support of the Court's Order of Dismissal*, Document No. 165, Exhibit F, ¶¶ 22, 27 (*Declaration of Dr. Ignacio Melo*). Moreover, Plaintiffs' most recent position that Cotemar was never properly served conflicts with Plaintiffs' own position that the court ordered deadline—which commences upon service—has elapsed. *Compare Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167 at 15 ("The deadline for Cotemar to appear in the Mexican Limitation proceeding was January 2012. . . . Accordingly, Cotemar is now time barred from appearing as a claimant in the Mexican limitation proceeding.") (citing *Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167, Exhibit 10, ¶ 2.2 (*Affidavit of Jose-David Enriqeuz-Rosas*) ("Taking into consideration that Cotemar was served with the initial Limitation of Liability proceedings on November 2011, the deadline for appearing in the proceedings expired since January 2012.")), *with Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167 at 15 ("The deadline for Ocean Oil and Exeter Marine to appear in the Mexican Limitation of Liability proceeding has not yet expired because neither have been served with such proceedings.") (citing *Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167, Exhibit 10, ¶ 2.3 (*Affidavit of Jose-David Enriqeuz-Rosas*) ("[N]either Exeter Marine nor Ocean Oil SARL have been served of the Mexican Limitation of Liability proceedings. As a result of such situation . . . both companies continue to have the opportunity to appear in the Mexican limitations . . . .")).

ordered deadlines cannot be waived by agreement between the parties.[12] Defendants contend the opposite: The court ordered deadlines can be waived by agreement of the parties; therefore, Cotemar can appear in the Limitation Proceedings if the parties waive the court ordered deadlines, which Cotemar is willing to do. Regardless of whether elapse of the court ordered deadlines does in fact bar Cotemar's ability to appear in the Limitation Proceedings, if any court ordered time bar now in effect has resulted from Cotemar's deliberate choice and own making, the Court may disregard any unavailability of the Mexican courts due to court ordered time bar and dismiss. *See Cotemar*, 569 F. App'x at 191–92.

Cotemar claims the reasons it did not appear in the Limitation Proceedings were because "[t]here was (and continues to be) no requirement for Plaintiffs to appear in the Mexican Limitation proceeding because limitation actions have no extraterritorial effect and are not given international recognition;" and because "the Mexican Limitation proceeding is not the proper venue for this dispute because in Mexico, a platform cannot limit its liability when it strikes a platform."[13] Therefore, Cotemar contends, "in order to obtain a remedy against Defendants, Plaintiffs would have had to file a commercial [liability] suit in Mexico—just like

---

[12] *Plaintiffs' Briefing Answering Questions Posed by the Court*, Document No. 184 at 1, 4; *Plaintiffs' Response to Hornbeck's Briefing Relating to Questions Posed by the Court*, Document No. 187 at 1, 3–4, 20.

[13] *Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167 at 14.

the action they already filed in the U.S."  However, the Court finds it significant that Cotemar also contends the court ordered deadlines can never be waived and thus elapse of the court ordered deadlines bars its ability to appear in the Limitation Proceedings.[14]  If Cotemar believed—as it now contends—that elapse of the court ordered deadlines would completely bar its ability to appear because the court ordered deadlines cannot later be waived, then Cotemar accordingly believed that it would never be able to appear in the Limitation Proceedings if it let the court ordered deadlines elapse.  Cotemar now asks this Court to deny forum non conveniens dismissal because it can no longer appear in the Limitation Proceedings and thus Mexico is allegedly an unavailable forum.  In other words, Cotemar is now claiming Mexico became an unavailable forum—and forever remains an unavailable forum with no way, such as a waiver, to become an available forum—when it allowed the court ordered deadlines to elapse.  This

---

[14] *See Plaintiffs' Briefing Answering Questions Posed by the Court*, Document No. 184 at 1–4 ("Mexican law does not permit the parties to agree to waive the time bar in effect in the Mexican Limitation of Liability Proceedings.  Therefore, Mexico is by law, an inadequate forum for this dispute.  This alone warrants maintaining this *in personam* action in the U.S. . . . Cotemar is time barred from appearing in the Mexican limitation proceeding. . . . Under Mexican law . . . parties can never waive a time bar by agreement. . . . Conditioning dismissal on Defendants' agreement to waive any time bar defenses in Mexico will not transform Mexico into an available forum."); *Plaintiffs' Response to Hornbeck's Briefing Relating to Questions Posed by the Court*, Document No. 187 at 1, 3–4, 20 ("Critically, the deadline for Cotemar to appear in the Limitation Proceeding expired . . . . The laws of Mexico are clear that a Court will not allow this deadline to be waived by agreement of the parties. . . . The parties cannot agree to waive the time bar in Mexico; therefore, this case must be maintained in the U.S.").

means that when Cotemar was faced with the decision of whether to appear in the Limitation Proceedings, it thought it was faced with two decisions: either appear, making Mexico an available forum and a forum non conveniens dismissal possible; or do not appear, making Mexico an unavailable forum and forum non conveniens dismissal not possible. The Court finds Cotemar's decision to not appear in the Limitation Proceedings was a strategic, deliberate choice made in attempt to preclude forum non conveniens dismissal. To allow Cotemar the ability to preclude forum non conveniens dismissal completely through its own making— that is, by not appearing in the Limitation Proceedings—would be to allow Cotemar to force litigation in the forum of its choice and deprive the Court of its ability to dismiss litigation in favor of a more convenient forum. The Court will not permit Cotemar such ability.

If, at the time it decided to not appear in the Limitation Proceedings, Cotemar thought that the court ordered deadlines could later be waived by agreement of the parties (as is sometimes ordered as a condition of forum non conveniens dismissals) or that it could still appear despite elapse of the court ordered deadlines for some other reason, then it might have been reasonable for Cotemar to have not appeared in the Limitation Proceedings in order to avoid simultaneous, similar lawsuits. However, that is not the case. Because Cotemar believes the court ordered deadlines cannot be waived and elapse of the court

ordered deadlines completely bars its ability to appear, it was unreasonable for Cotemar to have not appeared in the Limitation Proceedings even though it would have been simultaneously participating in similar suits.

For all these reasons, the Court finds any court ordered time bar now in effect has resulted from Cotemar's deliberate choice and own making. Accordingly, the Court disregards any unavailability of the Mexican courts as to Cotemar due to court ordered time bar, and the Court may dismiss if it determines dismissal is appropriate after considering the balance of the forum non conveniens factors. Because the Court has ultimately determined that dismissal is appropriate for reasons explained infra, the Court will revise its return jurisdiction clause to (1) allow Defendants to assert elapse of the court ordered deadlines as a defense in the Limitation Proceedings as to Cotemar, and (2) exclude this Court's reassertion of jurisdiction if Cotemar is barred from appearing in the Limitation Proceedings because of elapse of the court ordered deadlines. Such a return jurisdiction clause ensures Defendants will not evade Mexican jurisdiction while also not allowing Cotemar to force jurisdiction on this Court due to its deliberate choice and through its own making.

ii.    *Exeter and Ocean Oil*

Both parties agree Exeter and Ocean Oil can still appear in the Limitation Proceedings. Specifically, Plaintiffs state, "The deadline for Ocean Oil and Exeter

13

Marine to appear in the Mexican Limitation of Liability proceeding has not yet expired because neither have been served with such proceedings."[15]  Likewise, Defendants state, "[D]espite Plaintiffs' delay, they can still appear in the limitation of liability proceedings in Mexico and make a claim to the limitation fund."[16] Accordingly, there is no dispute the Limitation Proceedings are still available to Exeter and Ocean Oil.  Because there is no dispute Exeter and Ocean Oil can still pursue relief in the Limitation Proceedings, this Court may dismiss.  *See Cotemar*, 569 F. App'x at 191–92.

Because Exeter and Ocean Oil have specifically represented to this Court that the deadline for them to appear in Limitation Proceedings has not elapsed, the Court revises its return jurisdiction clause to (1) allow Defendants to assert elapse of the court ordered deadlines as a defense in the Limitation Proceedings as to Exeter and Ocean Oil, and (2) exclude this Court's reassertion of jurisdiction if Exeter and Ocean Oil are barred from appearing in the Limitation Proceedings because of elapse of the court ordered deadlines.  In doing so, the Court does not provide a safety net (in the form of return jurisdiction) for Exeter and Ocean Oil

---

[15] *Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167 at 15 (citing *Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167, Exhibit 10, ¶ 2.3 (*Affidavit of Jose-David Enriqeuz-Rosas*)).

[16] *Hornbeck's Memorandum on Issues on Remand and in Support of the Court's Order of Dismissal*, Document No. 165 at 37 (citing *Hornbeck's Memorandum on Issues on Remand and in Support of the Court's Order of Dismissal*, Document No. 165, Exhibit F, ¶ 40 (*Declaration of Dr. Ignacio Melo*)).

should their own legal analysis and representations to this Court later prove incorrect.

> b.  *Elapse of the Statutory Deadline for Plaintiffs to File a Liability Suit*

It is undisputed the statute of limitations period for Plaintiffs to file a liability lawsuit in Mexico ended on June 24, 2013 (two years after the allision occurred), which was after this Court's dismissal and when the case was on appeal.[17]  Plaintiffs did not file a liability suit in Mexico when their case was dismissed.  They now ask this Court to deny forum non conveniens dismissal because they can no longer file a liability suit.

The parties disagree as to whether elapse of the statutory deadline for Plaintiffs to file a liability suit necessarily bars Plaintiffs' ability to file a liability suit.  Plaintiffs contend the following:

> [T]he statute of limitation bar in a [Mexican liability] case cannot be waived by the parties after the statute of limitation period has run. Furthermore, the Mexican statute of limitation is not subject to tolling and cannot be suspended or extended by a party filing suit in another country.  Thus, it appears the statute of limitation for the parties to bring a [Mexican liability] case in Mexico has run and cannot be waived.[18]

---

[17] *Hornbeck's Memorandum on Issues on Remand and in Support of the Court's Order of Dismissal*, Document No. 165 at 38–39; *Plaintiffs' Briefing Relating to the Fifth Circuit's Issues on Remand*, Document No. 167 at 3, 16.

[18] *Plaintiffs' Response to Hornbeck's Memorandum on Issues on Remand*, Document No. 170 at 15. (citations to evidence omitted); *Plaintiffs' Response to Hornbeck's Briefing Relating to Questions Posed by the Court*, Document No. 187 at 11–12.

Defendants contend the opposite: Despite running of the statute of limitations, Plaintiffs can still file a liability suit in Mexico because the parties can agree to waive the defense of statute of the limitations, which Defendants are willing to do; or because, under the relation back doctrine, the date the liability suit is filed in Mexico will relate back to the date this case was filed, which was within the statute of limitations period.  Regardless of whether elapse of the statutory deadline for Plaintiffs to file a liability suit does in fact bar Plaintiffs' ability to file a liability suit, if any statutory time bar now in effect has resulted from Plaintiffs' deliberate choice and own making, the Court may disregard any unavailability of the Mexican courts due to statutory time bar and dismiss.  *See Cotemar*, 569 F. App'x at 191–92.

Plaintiffs do not address why they did not file a liability suit in Mexico when this Court dismissed their case, even though the statute of limitations period was set to expire less than two months after they appealed dismissal.  Similar to the Court's reasoning regarding the elapse of the court ordered deadline as to Cotemar, the Court finds it significant that Plaintiffs contend the statutory deadline cannot be waived, suspended, extended, or tolled.[19]   If Cotemar believed—as it now

---

[19] *See Plaintiffs' Response to Hornbeck's Memorandum on Issues on Remand*, Document No. 170 at 15; *Plaintiffs' Response to Hornbeck's Briefing Relating to Questions Posed by the Court*, Document No. 187 at 11–12.

contends—that elapse of the statutory deadline would completely bar their ability to file a liability suit because the statutory deadline cannot later be waived, suspended, extended, or tolled, then Plaintiffs accordingly believed that they would never be able to file a liability suit if they let the statutory deadline elapse. Plaintiffs now ask this Court to deny forum non conveniens dismissal because they can no longer file a liability suit and thus Mexico is allegedly an unavailable forum. In other words, Plaintiffs are now claiming Mexico became an unavailable forum—and forever remains an unavailable forum with no way, such as waiver, to become an available forum—when it allowed the statutory deadline to elapse. This means that when Plaintiffs were faced with the decision of whether to file a liability suit in Mexico after this Court dismissed their case, they thought they were faced with two decisions: either file a liability suit, making Mexico an available forum and affirmance of this Court's dismissal possible; or do not file a liability suit, making Mexico an unavailable forum, and creating the ability to argue for reversal of this Court's dismissal due to unavailability. The Court finds Plaintiffs' decision to not file a liability suit in Mexico was a strategic, deliberate choice made in attempt to preclude forum non conveniens dismissal. To allow Plaintiffs the ability to preclude forum non conveniens dismissal completely through its own making—that is, by not filing a liability suit—would be to allow Plaintiffs to force litigation in the forum of its choice and deprive the Court of its ability to dismiss

litigation in favor of a more convenient forum. The Court will not permit Plaintiffs such ability.

If Plaintiffs thought that the statutory deadline could later be waived by agreement of the parties (as is sometimes ordered as a condition of forum non conveniens dismissal) or that it could file a liability suit after the statutory deadline due to some other reason, such as tolling, then it might have been reasonable for Plaintiffs to have not filed a liability suit in Mexico while this case was on appeal in order to avoid the possibility of two liability lawsuits in two different forums after appeal. However, that is not the case. Because Plaintiffs believe the statutory deadline cannot be waived, suspended, extended, or tolled and elapse of the statutory deadline completely bars their ability to file a liability suit, it was unreasonable for Plaintiffs to have not filed a liability suit after this Court's dismissal even though they possibly could have had two liability lawsuits in two different forums after appeal.

For all these reasons, the Court finds any statutory time bar now in effect has resulted from Plaintiffs' deliberate choice and own making. Accordingly, the Court disregards any unavailability of the Mexican courts as to Plaintiffs due to statutory time bar, and the Court may dismiss if it determines dismissal is appropriate after considering the balance of the forum non conveniens factors. Because the Court has ultimately determined that dismissal is appropriate for

reasons explained infra, the Court will revise its return jurisdiction clause to (1) allow Defendants to assert elapse of the statutory deadlines as a defense in a liability suit filed by Plaintiffs in Mexico, and (2) exclude this Court's reassertion of jurisdiction if Plaintiffs are barred from filing a liability suit in Mexico because of elapse of the statutory deadlines.   Such a return jurisdiction clause ensures Defendants will not evade Mexican jurisdiction while also not allowing Plaintiffs to force jurisdiction on this Court due to their deliberate choice and through their own making.

2.   *Whether Any Part of the Forum Non Conveniens Analysis Is Altered by Simultaneously Pursuing an In Rem Action Against Defendants' Vessel in the Eastern District of Louisiana or by Seizure of Defendants' Vessel in the Eastern District of Louisiana*

The private interest factors to be considered when determining whether to dismiss on the basis of forum non conveniens are the following: (1) "relative ease of access to sources of proof"; (2) availability of compulsory process to secure the attendance of unwilling witnesses; (3) cost of attendance for willing witnesses; (4) "possibility of view of premises, if view would be appropriate to the action"; and (5) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (internal quotation marks omitted).[20]   The public interest factors to be considered when

---

[20] *See also Order*, Document No. 140 at 11–12 & n.9.

determining whether to dismiss on the basis of forum non conveniens are the following: (1) "administrative difficulties flowing from court congestion"; (2) "local interest in having localized controversies decided at home"; (3) familiarity of a forum with governing law and the avoidance of unnecessary problems in conflict of law or in application of foreign law; and (4) "unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 241 n.6.[21]

In its 2013 Order, after analyzing each of these private and public interest factors, the Court found the balance of both the private and public interest factors weighs in favor of a Mexican forum and thus warrants dismissal.[22]  The Fifth Circuit has affirmed the Court's balance of these factors and remanded for the Court to determine whether any part of the forum non conveniens analysis is altered by simultaneously pursuing an in rem action against the Beaufort in Louisiana or by seizure of the Beaufort in Louisiana. *Cotemar*, 569 F. App'x at 188, 192–93. How each factor has been altered, if any, is analyzed in turn.[23]

---

[21] *See also Order*, Document No. 140 at 18.

[22] *Order*, Document No. 140 at 11–21.

[23] A significant portion of the parties' remand briefing is spent re-raising facts and issues relevant to the factors that are **unaffected** by simultaneously pursing the in rem action in Louisiana or by seizure of the Beaufort in Louisiana. Because the Fifth Circuit has affirmed the Court's previous balance of the factors and only directed the Court to now consider how the factors have been altered, the Court only addresses how the factors have been altered.

a.    *Private Interest Factors*

i.    *Relative Ease of Access to Sources of Proof*

In its 2013 Order, after conducting a detailed analysis of the needed sources

of proof and the entities that exercise control over those sources of proof, the Court

found it would be relatively easier to obtain all potentially needed sources of proof

in Mexico than the United States.[24]   Accordingly, the Court found this factor

weighs in favor of a Mexican forum.[25]   Before remand, in briefing to the Court on

the motion to dismiss for forum non conveniens, Plaintiffs did not argue that the

Beaufort was a needed source of proof or that any necessary evidence was aboard

the Beaufort.[26]   Now, on remand, when the location of the Beaufort has changed

from Mexico to the United States, Plaintiffs contend for the first time that needed

evidence is aboard.   Specifically, Plaintiffs name the dynamic positioning logs, the

watch keeping schedule, and the masters' standing orders as being needed

---

In addition, Defendants contend the suit in Louisiana will be dismissed on the basis of forum non conveniens or res judicata.   In response, Plaintiffs contend the Louisiana suit cannot be dismissed because Mexico is not an available forum for an in rem suit.   Such issues are not properly before this Court on remand and are for the United States District Judge, in whose Court the Louisiana case is pending, to decide.

[24] *Order*, Document No. 140 at 12–14.

[25] *Order*, Document No. 140 at 12–14.

[26] *Plaintiffs' Response to Defendants' Motion to Dismiss*, Document No. 101 at 30–37; *Plaintiffs' Sur-Reply to Defendants' Reply Brief in Support of Motion to Dismiss*, Document No. 118 at 3–10; *Plaintiffs' Supplemental Response to Defendants' Motion to Dismiss*, Document No. 132 at 1–6.

evidence aboard the Beaufort.  Significantly, before remand, Plaintiffs claimed this

type of evidence was transmitted to Defendants' office in Louisiana, and they

never claimed this type of evidence was still aboard the Beaufort.[27]  Even assuming

Plaintiffs need evidence aboard the Beaufort and thus it is now easier to obtain this

evidence from the United States than Mexico, the Beaufort is just one source of

proof in this case amongst many others.  Balancing the ease of access to the

Beaufort as a source of proof with the other needed sources of proof discussed in

---

[27] *Plaintiffs' Supplemental Response to Defendants' Motion to Dismiss*, Document
No. 132 at 1–6 ("Defendants' SOM [Safe Operations Manual] requires the OSV HOS
BEAUFORT to transmit daily reports and weekly reports to Convington,
Louisiana. . . . They contain significant detailed information regarding the day-to-day
operations of the OSV HOS BEAUFORT and show that OSV HOS BEAUFORT was
transmitting sufficiently detailed information to the United States on a daily basis to
allow Defendants' Covington office to manage the vessel on a day-to-day basis.");
*Plaintiffs' Sur-Reply to Defendants' Reply Brief in Support of Motion to Dismiss*,
Document No. 118 at 3–10 (listing, in a chart labeled "**Key Witnesses and Evidence
Necessary to Effectively Investigate and Try Plaintiffs' Claims in the U.S.**," the
following documents, inter alia: "Defendants' mandatory investigation into the allusion
(Covington, LA) **'Part of the protocol was that anything handwritten [on the
Beaufort] was to be given to Dennis Brown for hand-delivery to Covington,
La.'** . . . Captain's **Standing Orders (Covington, LA) emailed once a month to
Hornbeck Offshore Services, LLC in U.S.** . . . **Vessel logs (Covington, LA) emailed
once a month to Hornbeck Offshore Services, LLC in U.S.** . . . Safety meeting
documents (Covington, LA) emailed once a month to Hornbeck Offshore Services, LLC
in U.S. . . . **Captain's logs (Covington, LA) emailed once a month to Hornbeck
Offshore Services, LLC in U.S.** . . . Vessel maintenance documents (Covington, LA)
emailed once per month from the BEAUFORT to Defendants' U.S. offices in Covington,
LA. . . . The maintenance records (Covington, LA) . . . Bollinger Shipyard Records
(LaRose, LA): responsible for repairing the BEAUFORT. . . . Vessel inspections and
investigation by USCG (New Orleans, LA). . . . **Documents and data relevant to the
crew (Covington, LA) is maintained and readily available in the
U.S. . . . BEAUFORT's Vessel daily reports transmitted to Covington LA.**")
(alteration in original) (first and second emphasis in original, all subsequent emphases
added).

the Court's 2013 Order, the Court finds this factor still weighs in favor of a Mexican forum.

> ii.    *Availability of Compulsory Process to Secure the Attendance of Unwilling Witnesses*

In its 2013 Order, the Court found this factor weighs in favor of a Mexican forum.[28] This factor is unaltered by the filing of the in rem action or the arrest of the Beaufort in Louisiana.

> iii.   *Cost of Attendance for Willing Witnesses*

In its 2013 Order, the Court found this factor weighs in favor of a United States forum.[29] This factor is unaltered by the filing of the in rem action or the arrest of the Beaufort in Louisiana.

> iv.    *Possibility of View of Premises, if View Would Be Appropriate to the Action*

In its 2013 Order, the Court found this factor weighs in favor of a Mexican forum because the Iolair and the Beaufort were near Mexico at the time of the 2013 Order.[30] However, the Court found this factor to not be largely significant in this case.[31] Before remand, in briefing to the Court on the motion to dismiss for forum

---

[28] *Order*, Document No. 140 at 14–16.

[29] *Order*, Document No. 140 at 16.

[30] *Order*, Document No. 140 at 17.

[31] *Order*, Document No. 140 at 17.

non conveniens, Plaintiffs did not argue to the Court that a view of the premises of the Beaufort was necessary.[32]  Now, on remand, when the location of the Beaufort has changed from Mexico to the United States, Plaintiffs contend for the first time that they need to inspect the Beaufort.  Assuming actual view of the Beaufort is necessary or would be helpful, the weight of this factor has tilted towards a United States forum because it is now easier view the premises of the Beaufort from the United States.  However, the Iolair remains near Mexico and thus it is still easier view the premises of the Iolair from Mexico.  Accordingly, the differing locations of the two vessels at issue in this case counter-balance one another and render this factor neutral now, although still not largely significant.

>   v.      *All Other Practical Problems that Make Trial of a Case*
>           *Easy, Expeditious, and Inexpensive*

In its 2013 Order, the Court found this factor to be neutral because both parties have submitted documentation in both English and Spanish and have identified witnesses that speak one language or the other; therefore, selection of either forum would have required translation.[33]  Plaintiffs claim that because translation to English will be now be required for the in rem action, a United States

---

[32] *Plaintiffs' Response to Defendants' Motion to Dismiss*, Document No. 101 at 30–37; *Plaintiffs' Sur-Reply to Defendants' Reply Brief in Support of Motion to Dismiss*, Document No. 118 at 3–10; *Plaintiffs' Supplemental Response to Defendants' Motion to Dismiss*, Document No. 132 at 1–6.

[33] *Order*, Document No. 140 at 17.

forum for this case rather than a Mexican forum would now result in less translation costs overall.  The Court agrees.

Similarly, Plaintiffs claim a United States forum for this case rather than a Mexican forum would now result in less attorneys' fees overall because the same attorneys represent the parties in this case and the in rem case, whereas Mexican attorneys would have to be hired if this case were to proceed in Mexico.  The Court agrees a United States forum for this case would now result in somewhat less attorneys' fees overall, but the Court does not anticipate the differential in the attorneys' fees would be as drastic as Plaintiffs claim.  This is because Plaintiffs have not considered the cost of hiring Mexican counsel even if this case remains in the United States, which would likely be necessary because Mexican substantive law likely applies to Plaintiffs' claims.[34]

In addition, Plaintiffs claim simultaneous litigation in the United States as compared to simultaneous litigation in the United States and Mexico would be easier to coordinate and potentially less conflicting.  Specifically, Plaintiffs claim this Court and the Louisiana court could attend joint hearings, deem depositions in one case admissible in the other case, and issue parallel orders so that their judgments do not conflict.  Although potentially convenient for the parties, these

---

[34] *See infra* Part II.B.2.b.iii (explaining why Mexican substantive law likely applies); *Order*, Document No. 140 at 20–21 (same).

actions would be an added burden on the courts.  Plaintiffs also claim it would be easier to enforce a judgment from a United States court because of seizure of the Beaufort in the United States.

Having considered all these issues, the Court finds trial in a United States forum would be easier to coordinate and enforce, potentially less conflicting, and less expensive for the parties than trial in a Mexican forum now that an in rem suit has been filed in Louisiana.  Accordingly, this factor now weighs in favor of a United States forum.

vi.  *Balancing the Private Interest Factors*

Three private interest factors remain unchanged: two in favor of a Mexican forum and one in favor of a United States forum.  One largely insignificant private interest factor has changed from favoring a Mexican forum to being neutral.  One private interest factor has changed from being neutral to favoring a United States forum.  Therefore, now two private interest factors weigh in favor of a Mexican forum and two private interest factors weigh in favor of a United States forum.  Giving each factor varying weight based on its significance, the Court finds the two factors that favor a Mexican forum are more significant in this case than the two factors that favor a United States forum, and an overall balance of all the evidence supporting all the private interest factors weighs more heavily towards a

Mexican forum than a United States forum. Accordingly, this case is dismissed on the basis of forum non conveniens.

> b.   *Public Interest Factors*

Because the private interest factors weigh in favor of dismissal, no further inquiry needs to be made and the Court may dismiss. *Cotemar*, 569 F. App'x at 190 & n.5 (quoting *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379–80 (5th Cir. 2002)); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1550–51 (5th Cir. 1991). Nevertheless, the Court will analyze how each public interest factor has been altered, if any, in turn.

> i.   *Administrative   Difficulties   Flowing   from   Court Congestion*

In its 2013 Order, the Court found no significant amount of weight should be given to this factor.[35] Since the Court's 2013 Order, Plaintiffs have filed a second, similar lawsuit in the Eastern District of Louisiana. Plaintiffs now want this case transferred to Louisiana—despite originally filing it in Houston—and they claim doing so would alleviate court congestion by consolidating two lawsuits into one. Not dismissing this case would make transfer of this case to Louisiana a possibility, whereas dismissal in favor of a Mexican forum would leave no possibility of transfer. However, at this point on remand, any such transfer is

---

[35] *Order*, Document No. 140 at 18–19.

speculative.[36]   Accordingly, the Court finds the possibility of transfer tips the weight of this factor very slightly in favor of a United States forum, but only very slightly because of the speculativeness of transfer at this point on remand.

> ii.   *Local Interest in Having Localized Controversies Decided at Home*

In its 2013 Order, after determining Mexico's interest in this case outweighs the United States' interest, the Court found this factor weighs heavily in favor of a Mexican forum.[37]   Plaintiffs claim the United States now has a heightened interest in this case because "the interests supporting the retention of jurisdiction in an *in rem* action are substantial."[38]   Because this is case is not the in rem action, such claim is irrelevant.   Plaintiffs also claim the United States now has a heightened interest in the case because the Beaufort is now located in the United States. Although the Beaufort is currently in the United States, "[a]t the time of the allision both vessels were providing services to Mexico's state-owned oil company—Pemex.   Delays in service caused by the allision directly affected Pemex and other Mexican entities.   Moreover, the injury at issue—the damage to the Iolair—directly affects a Mexican company, Cotemar, one the Plaintiffs in this

---

[36] *See supra* Part II.B n.10.

[37] *Order*, Document No. 140 at 19–20.

[38] *Plaintiffs' Briefing Answering Questions Posed by the Court*, Document No. 184 at 14 (internal quotation marks omitted).

case. . . . In sum, both state-affiliated and private Mexican entities were affected by the allision, both financially and practically. These same Mexican entities will be affected by the litigation's outcome. In comparison, the only U.S. interest in this case is a private financial interest . . . ."[39] Any additional interest the United States has acquired in this case due to the arrest of the Beaufort in the United States and movement of the Beaufort to the United States **after** the allision is heavily outweighed by Mexico's interest in this case. Accordingly, this factor still weighs heavily in favor of a Mexican forum.

> iii. *Familiarity of a Forum with Governing Law and the Avoidance of Unnecessary Problems in Conflict of Law or in Application of Foreign Law*

In its 2013 Order, after predicting Mexican substantive law will apply to this case even if this Court retains jurisdiction, the Court found this factor weighs heavily in favor of a Mexican forum.[40] Plaintiffs claim the arrest of the Beaufort in the United States now favors application of United States substantive law under the *Lauritzen v. Larsen* factors.[41] However, Plaintiffs do not explain which of those

---

[39] *Order*, Document No. 140 at 19.

[40] *Order*, Document No. 140 at 20–21.

[41] Those factors are the following: "1) the place of the wrongful act; 2) the law of the flag; 3) the allegiance or domicile of the injured worker; 4) the allegiance of the defendant shipowner; 5) the place of the contract; 6) the inaccessibility of the foreign forum; 7) the law of the forum; and 8) the shipowner's base of operations. *Fogleman v. ARAMCO*, 920 F.2d 278, 282 & n.5 (5th Cir. 1991) (citing *Lauritzen v. Larsen*, 345 U.S. 571, 583–92 (1953)).

factors they believe is changed due to the arrest of the Beaufort, and none of those factors is the arrest or location of the vessel.[42]   Accordingly, the Court is not persuaded it should change its previous prediction that Mexican substantive law will apply.[43]

Further, Plaintiffs claim a conflict of laws will arise if suit proceeds in Mexico while simultaneous suit proceeds in the United States because, according to Plaintiffs, Mexican limitation of liability law will apply to a suit in Mexico, while United States limitation of liability law will apply to any suit in the United States.   However, Plaintiffs do not support this claim with citation to any law or

---

[42] *Plaintiffs' Briefing Answering Questions Posed by the Court*, Document No. 184 at 15–16; *Plaintiffs' Response to Hornbeck's Briefing Relating to Questions Posed by the Court*, Document No. 187 at 19.

[43] In addition, Plaintiffs claim "the inaccessibility of the foreign forum" *Lauritzen v. Larsen* factor now "favors the U.S. as the statute of limitations has now run in Mexico and cannot be waived." *Plaintiffs' Briefing Answering Questions Posed by the Court*, Document No. 184 at 15. The Fifth Circuit has not directed this Court to address whether the running of the statute of limitations changes the forum non conveniens private or public interest factors. Regardless, the Court does not find this claim persuasive either. This position taken by Plaintiffs on remand is contrary to Plaintiffs' position before remand:  Before remand, in briefing to this Court regarding the motion to dismiss for forum non conveniens wherein Plaintiffs argued United States substantive law will apply, Plaintiffs stated under a section entitled "The Inaccessibility of the Foreign Forum" that "[t]his factor is only relevant to a *forum non conveniens* determination, not to a choice-of-law analysis. . . . Accordingly, it does not weigh against or in favor of Mexican law." *Plaintiffs' Objections to Defendants' Notice in Determining Foreign Law Pursuant to FRCP 44.1*, Document No. 137 at 7–11 (citation omitted).   Moreover, even assuming without deciding that this factor applies to the Court's predication of what substantive law will apply, any unavailability of a Mexican forum is due to Defendants' deliberate choice and own making; therefore this factor should be accorded slight significance here. *See Fogleman*, 920 F.2d at 282 (explaining "the significance of each factor must be considered" and "may vary" from case-to-case).

otherwise explain why United States limitation of liability law would apply.[44] Moreover, in making this claim, Plaintiffs' true concern seems to be receiving conflicting judgments in the in rem suit and a Mexican suit, not a concern about this Court itself having to "untangle problems in conflict of laws, and in law foreign to itself," which is the proper consideration under this public interest factor. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 251 (1981) (internal quotation marks omitted).[45]   Plaintiffs concern about receiving conflicting judgments due to different law being applied in different suits is more properly characterized as a private interest factor, and the Court already considered this concern in the private interest factors section.[46]   For these reasons, the possible avoidance of the conflict of law problem raised by Plaintiffs on remand does not outweigh this Court's interest in avoiding problems in application of Mexican substantive law.   Accordingly, this factor still strongly weighs in favor of a Mexican forum.

---

[44] *Plaintiffs' Briefing Answering Questions Posed by the Court*, Document No. 184 at 16; *Plaintiffs' Response to Hornbeck's Briefing Relating to Questions Posed by the Court*, Document No. 187 at 19.

[45] *Compare Plaintiffs' Briefing Answering Questions Posed by the Court*, Document No. 184 at 16, *with Plaintiffs' Briefing Answering Questions Posed by the Court*, Document No. 184 at 12.

[46] *See supra* Part II.B.2.a.v (considering all other problems that make trial of a case easy, expeditious, and inexpensive).

   iv. *Unfairness of Burdening Citizens in an Unrelated Forum*
     *with Jury Duty*

In its 2013 Order, the Court found this factor is moot because neither party has requested a trial by jury.[47] This factor is unchanged by the filing of the in rem action or the arrest of the Beaufort in Louisiana.

   v. *Balancing the Factors*

The two public interest factors that the Court previously found strongly weigh in favor of a Mexican forum still strongly weigh in favor of a Mexican forum. The public interest factor that the Court previously gave no significant weight now very slightly weighs in favor of a United States forum. The one previously moot public interest factor is still moot. Accordingly, the balance of the public interest factors and the evidence supporting all these factors weighs much more heavily towards a Mexican forum than a United States forum. Accordingly, this case is dismissed on the basis of forum non conveniens.

**C.** *Motion to Transfer*

Because the Court, after addressing the issues on remand, has determined this case should be dismissed, Plaintiffs' motion to transfer is moot.

---

[47] *Order*, Document No. 140 at 18.

### III.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiffs' Motion to Strike Declaration of Dr. Ignacio Melo (Document No. 168) is **GRANTED IN PART** and **DENIED IN PART,** as stated herein.  The Court further

**ORDERS** that the case is **DISMISSED** on the basis of forum non conveniens.  This dismissal is conditioned on Defendants' submission of a stipulation stating (1) they will appear and fully submit themselves to the jurisdiction of the appropriate Mexican court, except they retain their right to assert an untimeliness, time bar, or statute of limitations defense;[48] and (2) they will work with Plaintiffs to arrange for the appearance and testimony of Defendants' officers, agents, and employees, if needed, in the appropriate Mexican court.  This Court may reassert jurisdiction upon timely notification if the courts of Mexico refuse to accept jurisdiction for any reason other than untimeliness, time bar, or the statute of limitations.  This Court retains jurisdiction to supervise the terms of this dismissal.  The Court further

---

[48] For purposes of this stipulation, it is irrelevant whether the issue of untimeliness, time bar, or statute of limitations is considered by Mexican law to be a jurisdictional restriction or affirmative defense.  Either way, Defendants may raise the issue of untimeliness, time bar, or statute of limitations in Mexican court.

**ORDERS** that Plaintiffs' Opposed Motion to Transfer Venue (Document No. 166) is **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this **23** day of March, 2015.

DAVID HITTNER
United States District Judge